SIMMONS *v.* STATE.

4438                                   198 S. W. 2d 849

Opinion delivered January 27, 1947.

Ras Priest, for appellant.

*Guy E. Williams,* Attorney General and *Earl N. Williams,* Assistant Attorney General, for appellee.

McHANEY, Justice. Appellant was convicted in the municipal court of Newport of unlawfully keeping gambling devices, slot machines, in violation of § 3320 of Pope's Digest, a misdemeanor. He appealed to the Circuit Court where he was again convicted, fined $500 and he has appealed to this Court.

On this appeal the only argument made for a reversal is that the evidence is insufficient to support the verdict and judgment against him, because the slot machines were found in a room called "Lou's Place" adjacent to or near appellant's liquor store, both in the same building. Appellant concludes his brief with this statement: "In view of the positive, direct proof that Chester Fortune owned the machines, paid the federal tax on them, set them up, operated them and took the money from them, it is respectfully submitted that the jury was not warranted in finding that the defendant, R. T. Simmons, set up, exhibited and operated the machines as charged in the information."

But we think the evidence justified the jury in finding appellant guilty. It is true that Chester Fortune testified in the circuit court that he owned and operated the machines and took the money out of them. He exhibited a federal license in his name showing payment of $300 for three "Coin Operated Gaming Devices." He made no such claim when the officers took the machines and arrested appellant, although he was present. He

made no such claim in the municipal court, did not even testify in that court. He is contradicted by appellant who told Mr. Huff, the newspaper man, that the machines had been taken out of "Lou's Place." Mr. Huff, in relating what appellant told him shortly after the raid on the slot machines was published, said: "He (appellant) told me at that time that the machines were owned by a fellow by the name of Lou and that they were not his machines and that this fellow had contract with him, that he didn't know where he was now, but that he had contracted with him to put the machines back there."

No one by the name of "Lou" has appeared and claimed to be either the owner of "Lou's Place" or the owner of the slot machines. So it appears to us the jury might have been justified in finding "Lou" to be fictitious. Although Chester Fortune testified he owned and operated the machines, he also testified when asked "Where do you work?", answered: "For R. T. Simmons." Chester was there when the raid was made and his master was arrested, yet he made no protest that they had the wrong man. He is also contradicted by Mr. Simmons who told the officers they could take the machines out, but he would have some more in there in a day or two; also Mr. Simmons wanted to take the money out of the machines before the officers took them away, but was not permitted to do so. Deputy Foushee testified: "We took the slot machines out and Uncle Bob Simmons wanted the money. The sheriff told him he couldn't get it, and for him to wait until they came to court." Appellant's abstract. None of this testimony is disputed, except as it may be by the late claim of Chester Fortune, the only witness for appellant.

The jury has settled this disputed question of fact against appellant and we think they were fully justified by the evidence is so doing.

The judgment is accordingly affirmed.